BEATTY, Justice.
On January 24, 1980, the American Institute of Psychotherapy (hereinafter Insti *55 tute) applied to the Alabama Department of Education for a license to operate a private school under Code of 1975, § 16-46-5(d). The license was issued on June 12, 1980, but dated January 18, 1980, in order to conform with the date on the bond required for application. On December 5, 1980, the Board of Examiners in Psychology filed a petition for review with the Board of Education challenging the licensure. Subsequently, the individual members of the Board of Examiners filed their petition for review. The Board of Education dismissed both petitions.
The Board of Examiners and its individual members filed their petition for a writ of mandamus or, alternatively, a writ of cer-tiorari in the Circuit Court of Montgomery County, naming the Institute as the sole party defendant. The Board of Education was later added as a party defendant. The petition requested the trial court to require the Board of Education to grant it a hearing, pursuant to Code of 1975, § 16-46-9, on whether the Institute should be licensed.
The Institute moved to dismiss, contending that plaintiffs did not have standing to bring the action, that the court was without jurisdiction, and that the request for review by the Board of Education was not timely filed.
The parties submitted the case to the trial court upon a stipulation of the facts and the pleadings. The trial court issued the writ of mandamus to the defendant Alabama State Board of Education and directed that agency to grant the individual plaintiffs a hearing. That order was based upon a finding that, while the Board of Examiners did not have standing to challenge the actions of the Board of Education, the individual members of the Board of Examiners did have such standing. The Institute appealed to this Court. The Board of Examiners cross appealed. We reverse and remand with directions.
The trial court erred in refusing to grant the Institute’s motion to dismiss. The requests for review by the Board of Examiners and its members were not timely filed. Code of 1975, § 16-46-9 (Supp.1981) provides, in part:
Any person or school aggrieved by the actions of the Alabama state department of education with respect to exemption, issuance, denial, deferral, probation, suspension, or revocation of a license or permit provided for in sections 16-46-3, 16-46-5, and 16-46-6, may file within 30 days a petition for review by the Alabama state board of education. [Emphasis added.]
In the present case the license in question was issued on June 12, 1980. However, the petitions for review were not filed with the Board of Education until December 5, 1980, approximately six months after licensure. Because the 30-day period for filing had lapsed, we find that the Board of Education properly dismissed the petitions.
The Board of Examiners contends that the 30-day time limitation did not begin to run until it received actual notice of the action taken by the Board of Education. Proceeding under that argument, the Board of Examiners claims that it filed within the 30-day period because it did not receive actual notice of the licensure until November 14, 1980. We cannot agree.
It is clear from the terms of Code of 1975, § 16-46-9, that the time period commences as soon as any of the actions specifically referred to in the statute occur. Under that statute notice is clearly not a condition precedent to the running of the time limitation. When the intention of the legislature is so apparent from the face of the statute that there can be no question as to its meaning, there is no room for construction. Custred v. Jefferson County, Ala., 360 So.2d 285, 289 (1978). While we are mindful that our decision may place an administrative burden upon those who wish to avail themselves of the terms of § 16-46-9, nevertheless the legislature has set forth the time limitations, and our duty requires us to follow the legislative will.
Because we find the petitions were not timely filed with the Board of Education, the other issues raised in this appeal need not be addressed. The trial court’s order *56 issuing the writ of mandamus is reversed and that court is directed to grant the Institute’s motion to dismiss this action.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.