This appeal centers on whether a partial settlement award of fees for guardianship duties and legal services rendered in the disposal of real property was proper. We are of the opinion that it was, and we affirm.
Nelle Brown was declared mentally incompetent by a Louisiana court in February 1986. Her monthly living expenses (nursing home, medical bills, etc.) averaged $4,000.00. Her monthly income averaged $3,098.00. Because she was unable to attend to her affairs, Brown's nephew, defendant Jimmy Bobo, was appointed as her guardian. The plaintiff, Paul Pate, was appointed as her guardian ad litem.
The record indicates that Bobo concluded that in order to meet Brown's financial needs, Brown's real estate should be sold for reinvestment purposes. He, therefore, petitioned the court and was granted permission to conduct a private sale of Brown's real estate. Thereafter, Bobo personally undertook to sell the property. In 1984, the property had been appraised at $1,547,848.00. In 1985, Bobo, who had been tending to Brown's business affairs, had received an offer of $2,200,000.00. Finally, in 1986, he sold the property for $3,241,584.03. Bobo then petitioned the Circuit Court of Madison County, Alabama, for a partial settlement of Brown's guardianship estate.
 "The trial court entered a judgment finding that. . . Bobo as guardian had received assets in the estate of $3,241,584.03 as of November 21, 1986, and that he had justly expended from that the sum of $23,644.28. This statement of the account was approved.
 "The court found that under Section 26-5-16, Code of Alabama,[1] . . . Bobo was entitled to a fee for his ordinary services of $81,630.70 (2 1/2% of $3,265,228.31). *Page 662 
 "The court further found that a reasonable fee for the services of [Michael] Bryan as attorney for the guardian was $35,000.00."
Appellees' brief page 8.
Pate appeals from the trial court's award of the $81,630.70 guardian's fee and the $35,000.00 guardian's attorney fee.
 Issues
1. Whether pursuant to Ala. Code 1975, § 26-5-16, the trial court erred in awarding Brown a fee of $81,631.70.
2. Whether the trial court erred in awarding the guardian's attorney a fee of $35,000.00.
3. Whether the trial court erred in denying Pate's post-trial motions.
Pate points out that administrators and executors of estates are limited to a compensation of two and one-half percent of all receipts and two and one-half percent of all disbursements, and an amount not to exceed $100.00 for the disposal of real property, citing Ala. Code 1975, § 43-2-681. This is important to note, because, he argues, that the general legislative intent regarding fiduciaries was to compensate them equally, e.g., guardians, executors, and administrators. He asks this Court to interpret Ala. Code 1975, § 26-5-16, which addresses compensation for guardians, in accordance with what he maintains was an intent of the legislature to compensate all fiduciaries equally. Under that interpretation scheme, Bobo's compensation would be $100.00 for the disposal of Brown's real estate, not 2 1/2% of $3,241,584.03.
Pate argues in his brief that the historical approach was to compensate fiduciaries uniformly. Therefore, he maintains that the $100.00 limit on an administrator's or executor's compensation, as codified in § 43-2-681, should apply equally to govern the compensation of guardians in the sale of real property, although such a limitation is not specifically set out in § 26-5-16. We disagree. "Our cases uniformly hold that plain language in a statute should be considered to mean what it says." Ex parte Madison County, Alabama, 406 So.2d 398, 400
(Ala. 1981). It is only where the language of a statute is ambiguous or otherwise unclear on its face that we will interpret it. Mobile County Republican Executive Committee v.Mandeville, 363 So.2d 754 (Ala. 1978); see also, Am. Inst. ofPsychotherapy v. Ala. Bd., etc., 410 So.2d 54 (Ala. 1982); Tatev. Teague, 431 So.2d 1222 (Ala. 1983), Alabama Farm Bureau Mut.v. City of Hartselle, 460 So.2d 1219 (Ala. 1984). Section26-5-16 read as follows at the time this action arose:
 "A guardian is entitled for his services to commissions of two and one-half percent on his disbursements and two and one-half percent on his receipts."
This wording is clear. It contains no specific $100.00 limitation and such a limitation cannot be reasonably implied to support Pate's argument that a guardian's compensation is limited to $100.00, because of the provisions of § 43-2-681. We, therefore, conclude that the trial court's award of $81,630.70 for Bobo's guardianship fees was authorized by §26-5-16, and it was, therefore, proper.
Pate argues that the trial court's award of guardianship fees in the amount of $81,630.70 was excessive and inordinate to the point of reversal. In support of that argument, Pate maintains that many of the activities that were conducted in effectuating the sale of Brown's property occurred prior to Bobo's appointment as a guardian. Therefore, he argues, the trial court erred in basing its compensation award on those activities. In the context of the facts as presented here, we disagree. In determining whether the guardianship award is proper, we look toward the "cumulative results" of those efforts. The record indicates that those activities were these: Bobo personally undertook to dispose of the property; from all indications, he accomplished that undertaking in a prudent and reasonable manner; and by his personal undertaking to dispose of the property, Bobo obviated the need of subjecting the transaction to a real estate commission — a real estate commission could have ranged from approximately 3 percent to 10 percent of the sales price.
Pate argues that the trial court erred in awarding Bobo's lawyer, Michael *Page 663 
Bryan, and attorney fee of $35,000.00 in the sale of Brown's real property.[2] We find no merit to this argument. We opine that the trial court's attorney fee award was consistent with the prevailing "guideposts" for determining the reasonableness of attorney fees. We enunciated those standards in Peebles v.Miley, 439 So.2d 137 (Ala. 1983).[3] Pursuant to the Peebles
directives, we are of the opinion that, given the nature, value, and weight of the professional responsibility involved in representing Brown's multi-million dollar estate, the $35,000.00 attorney fee was proper.
Other arguments presented by this appeal have been duly considered and found to be without merit. The judgment of the trial court in its award of fees is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] "[E]ffective January 1, 1988, [Section 26-5-16 was amended.] [I]n the first paragraph, . . . [the term] 'reasonable compensation' [was substituted] for 'commissions of two and one-half percent on his disbursements and two and one-half percent on his receipts' and, throughout the section, substituted 'conservator' for 'guardian.' " Committee Comments, Code 1975, § 26-5-16
The present case is governed by the pre-amendment language.
[2] This fee was based on 287.17 hours. Additionally, the court allowed Bryan $272.17 as reimbursement for expenses.
[3] "On January 1, 1970, Canon 12 of the American Bar Association relating to fees was superseded by Disciplinary Rule 2-106, which states in § (B):
 " '(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
 " '(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 " '(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 " '(3) The fee customarily charged in the locality for similar legal services.
" '(4) The amount involved and the results obtained.
 " '(5) The time limitations imposed by the client or by the circumstances.
 " '(6) The nature and length of the professional relationship with the client.
 " '(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 " '(8) Whether the fee is fixed or contingent. "Model Code of Professional Responsibility, DR 2-106(B) (1982).
 "Thus, according to the American Bar Association, Justice Somerville's original criteria of six, to which one has been added, should be expanded to include five additional criteria. They are as follows:
"1. Whether a fee is fixed or contingent.
"2. The nature and length of a professional relationship.
 "3. The fee customarily charged in the locality for similar legal services. (This was included in the Faulk opinion [Faulk Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450
(1912)], but not listed in cases which have followed Faulk.)
 "4. The likelihood that a particular employment may preclude other employment.
 "5. The time limitations imposed by the client or by the circumstances."
Peebles v. Miley, 439 So.2d 137, 140-41 (Ala. 1983).