The Alabama State Bar appeals from the reversal by the Alabama State Bar Board of Disciplinary Appeals of the Disciplinary Board and the Disciplinary Commission's order disciplining James Harvey Tipler. We reverse and remand.
 I.
The facts underlying the disciplinary action are as follows. Tipler represented a plaintiff in a medical-malpractice case arising out of the death of Harold Rogers. During the trial of that case, Tipler attempted to offer a videotape of Harold the day before the surgery that allegedly resulted in his death as evidence indicating that the surgery was unnecessary. To authenticate the tape, Tipler questioned Harold's son, Bradley Rogers. Tipler asked Bradley whether he had viewed the tape and whether it accurately depicted Harold's condition the day before his surgery. The videotape Tipler attempted to enter into evidence, however, was edited from the original version of the tape that Bradley had seen; some of the scenes that would have been harmful to the plaintiff's case had been deleted or moved. Bradley Rogers had never seen the tape as edited; thus, he unknowingly gave false answers to Tipler's questions. After the defense's objection to admission of the videotape, the trial court conducted an independent inquiry and ultimately disallowed both the original tape and the edited tape.
Because Tipler's answers to the trial court's questions during the inquiry concerning the videotape suggested that he had committed perjury, the trial court initiated a civil-contempt proceeding against Tipler. The Covington County District Attorney, Eugenia Loggins, also brought a criminal charge against Tipler. Based on Tipler's attempt to introduce the edited tape, the grand jury indicted Tipler for the crime of first-degree perjury, a class C felony.[1] On the day of the trial, Tipler and the district attorney entered into a plea agreement. Pursuant to the agreement, Tipler pleaded guilty to interfering with judicial proceedings, a class B misdemeanor. See §13A-10-130(a)(1), Ala. Code *Page 1239 
1975.[2]
The general counsel of the Alabama State Bar petitioned the Disciplinary Board pursuant to Rule 22(a)(2), Ala. R. Disc. P., for a determination as to whether Tipler's conviction involved a "serious crime" as that term is defined in Rule 8(c)(2), Ala. R. Disc. P. If it did, Rule 22(a)(2) requires the Disciplinary Commission to suspend or disbar Tipler from the practice of law. The Disciplinary Board held a hearing at which District Attorney Loggins, two attorneys who defended Tipler in the criminal case against him, and Tipler testified. Although the Disciplinary Board did not allow Tipler to relitigate the merits of the underlying criminal charge against him, it did allow the State Bar and Tipler to establish the circumstances under which Tipler pleaded guilty to interfering with judicial proceedings. The Disciplinary Board found that Tipler had been convicted of a "serious crime" within the meaning of Rule 8(c)(2) and Rule 22(a)(2), Ala. R. Disc. P. Tipler appealed the decision to the Board of Disciplinary Appeals of the Alabama State Bar, which dismissed Tipler's appeal.
The Disciplinary Commission then set a hearing to determine the appropriate disciplinary action to take pursuant to Rule 22(a)(2), Ala. R. Disc. P. Before the hearing date, Tipler appealed to this Court, and the hearing was continued. The State Bar moved to dismiss the appeal, and this Court granted the motion. Tipler v. Alabama State Bar (No. 1011928, Sept. 9, 2002). After the hearing, the Disciplinary Commission imposed a 120-day suspension.
Tipler appealed the orders of the Disciplinary Board and the Disciplinary Commission to the Board of Disciplinary Appeals. After oral argument, the Board of Disciplinary Appeals reversed the order of the Disciplinary Board finding that Tipler had been convicted of a "serious crime" and the order of the Disciplinary Commission that imposed the 120-day suspension.
The Board of Disciplinary Appeals held that although Tipler had been convicted of "interfering with judicial proceedings," a misdemeanor, his conduct was not tantamount to "interference with the administration of justice" as required under Rule 8(c)(2)(C), Ala. R. Disc. P., for a crime less than a felony and not involving moral turpitude to be considered a "serious crime." In particular, the Board of Disciplinary Appeals held that Rule 22(a)(2), Ala. R. Disc. P., does not contemplate imposing mandatory discipline for an attorney's actions that were later held to amount essentially to criminal contempt. The Board of Disciplinary Appeals concluded that the slight delay of Tipler's trial and the imposition of additional work and resources on the trial court could not be considered an "interference with the administration of justice."[3] On these bases, the Board of *Page 1240 
Disciplinary Appeals reversed the orders of the Disciplinary Board and of the Disciplinary Commission.
The State Bar appeals; we reverse and remand.
 II.
"[A]ll . . . legal conclusions in the final order of the Board of [Disciplinary] Appeals present questions of law to us. This Court reviews questions of law de novo." Tipler v. Alabama StateBar, 866 So.2d 1126, 1137 (Ala. 2003). The Board of Disciplinary Appeals made legal conclusions regarding Rule 8(c)(2)(C) and Rule 22(a)(2), Ala. R. Disc. P.; therefore, we review those conclusions de novo.
 III.
Rule 22(a)(2), Ala. R. Disc. P., provides, in pertinent part:
 "(a) The Disciplinary Commission shall disbar or suspend a lawyer:
". . . .
 "(2) If the lawyer's conviction for a `serious crime,' as defined in Rule 8 of these Rules, has become final, regardless of the plea, in any court of record of this state or any other state, or of the United States, or of a territory of the United States. The record of his . . . conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence of such conviction. Whether a lawyer's conviction involves a serious crime as defined in Rule 8(c)(2)(B), (C), and (D) shall be made by the Disciplinary Board upon petition by the General Counsel. . . ."
Rule 8(c)(2), Ala. R. Disc. P., provides:
"A `serious crime' is defined as:
"(A) A felony;
"(B) A lesser crime involving moral turpitude;
 "(C) A lesser crime, a necessary element of which, as determined by the statutory or common law definition of such crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or
 "(D) An attempt, a conspiracy, or the solicitation of another to commit a `serious crime.'"
The dispositive issue in this case is whether Tipler's conviction pursuant to § 13A-10-130, "Interfering with Judicial Proceedings," is a "serious crime" within the meaning of Rule 8(c)(2)(C), Ala. R. Disc. P. The State Bar argues that any crime falling within the definition of a "serious crime" under Rule 8, Ala. R. Disc. P., is a "serious crime." Because "serious crime" is being used as a term of art, the State Bar argues, the Rule does not allow the Board of Disciplinary Appeals to entertain various degrees of "seriousness" of the crime by examining Tipler's underlying conduct. We agree.
The Board of Disciplinary Appeals examined the degree of "seriousness" of Tipler's crime in reaching its conclusions; *Page 1241 
however, the Board of Disciplinary Appeals is not free to examine the degree of "seriousness" of the crime. Rather, it is required to consider only the necessary elements of the crime when determining whether the crime falls within the definition of a "serious crime" found in Rule 8(c)(2)(C), Ala. R. Disc. P.
This Court has held that "`plain language in a statute should be considered to mean what it says.'" Pate v. Bobo,540 So.2d 660, 662 (Ala. 1988) (quoting Ex parte Madison County,406 So.2d 398, 400 (Ala. 1981)). We interpret a statute "only where the language of a statute is ambiguous or otherwise unclear on its face." 540 So.2d at 662.
Rule 8(c)(2)(C) defines a crime as a "serious crime" if the necessary elements of the statutory definition of the crime involve "interference with the administration of justice." Subdivision (a)(1) of the statute under which Tipler pleaded guilty, § 13A-10-130, Ala. Code 1975, titled "Interfering with Judicial Proceedings," states:
 "(a) A person commits the crime of interfering with judicial proceedings if:
 "(1) He engages in disorderly, contemptuous or insolent behavior, committed during the sitting of a court in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due its authority. . . ."
A crime of "interfering with judicial proceedings" necessarily involves an "interference with the administration of justice" because the impairment of the judicial proceeding affects the administration of justice. Thus, a crime under §13A-10-130(a)(1), Ala. Code 1975, necessarily falls within the definition of a "serious crime" in Rule 8(c)(2)(C), Ala. R. Disc. P.
The Board of Disciplinary Appeals expressed concern that, if the action of the Disciplinary Board and the Disciplinary Commission was allowed to stand in this case, an attorney may be sanctioned for any act that may constitute "criminal contempt." However, Rule 22, Ala. R. Disc. P., requires a mandatory sanction only when the attorney is convicted of a "serious crime." Although the court has the inherent power to impose contempt, Exparte Boykin, 656 So.2d 821, 828 (Ala.Civ.App. 1994), the court's imposition of civil or criminal contempt is not the equivalent of a conviction for a crime.[4] Ivey v. State,698 So.2d 179, 184 n. 2 (Ala.Crim.App. 1996) ("Neither civil [nor] criminal contempt is a crime under Alabama law." (quotingC.J. v. State, 552 So.2d 182, 184 n. 2 (Ala.Crim.App. 1989))). Thus, an attorney would not be subject to a mandatory sanction for a criminal contempt, but would be subject to a sanction only if he or she had been separately prosecuted and convicted for a violation of § 13A-10-130(a)(1), Ala. Code 1975.[5]
Finally, Tipler argues that he was not accorded his due-process rights to fair notice and the opportunity to be heard in a meaningful way. We agree with the Board of Disciplinary Appeals' holding that the "record reflects that [Tipler's *Page 1242 
hearing before the Disciplinary Board] was extensive and broad ranging" and that the hearing "conformed with the requirements . . . in Huckaby v. Alabama State Bar, 631 So.2d 855, 857 (Ala. 1993)" (holding that where the conviction was final, the Disciplinary Commission was not authorized to assume the roles of both "an accusatory tribunal and the ultimate determiner of guilt" and that the separation of responsibility between the Disciplinary Board and the Disciplinary Commission provides constitutional due process). At the hearing before the Disciplinary Board, Tipler would have liked to have gone further than he was permitted into the merits of his underlying criminal conviction; however, the purpose of the hearing was not to conduct a trial on the merits of the underlying criminal charge against Tipler. Tipler was able to establish the circumstances under which his guilty plea was entered and the general nature of the events surrounding the charge against him. Tipler was afforded "a meaningful opportunity to be heard on the issue whether the crime to which [he] had pleaded guilty constituted [a `serious crime']. . . ." Hayes v. Alabama State Bar,719 So.2d 787, 790 (Ala. 1998). Therefore, we do not agree with Tipler that he was not accorded due process of law.[6]
 IV.
We find that a conviction under § 13A-10-130(a)(1), Ala. Code 1975, is a conviction of a "serious crime" within the meaning of Rule 8(c)(2)(C), Ala. R. Disc. P. Accordingly, we reverse the order of the Board of Disciplinary Appeals and remand the case for further proceedings consistent with this decision.
REVERSED AND REMANDED.
NABERS, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Section 13A-10-101(a), Ala. Code 1975, provides:
 "(a) A person commits the crime of perjury in the first degree when in any official proceeding he swears falsely and his false statement is material to the proceeding in which it is made.
 "(b) Perjury in the first degree is a Class C felony."
[2] Section 13A-10-130(a)(1), Ala. Code 1975, provides:
 "(a) A person commits the crime of interfering with judicial proceedings if:
 "(1) He engages in disorderly, contemptuous or insolent behavior, committed during the sitting of a court in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due its authority. . . ."
[3] The Board of Disciplinary Appeals held as follows:
 "We have concluded that . . . the [Disciplinary] Board erred in determining that this conviction was a serious crime.
 "While the misdemeanor is entitled `interfering with judicial proceedings,' § 13A-10-130 Code of Alabama
[1975], we do not believe that the conduct, and subsequent plea, with which we are presented here meet the requirement of Rule 8(c)(2)(C) that it involves `interference with the administration of justice.' (emphasis supplied). To accept the Bar's position in this case would mean that any time a lawyer committed acts during a trial, which later were ruled to be criminal contempt, would also expose that attorney to the risk of suspension and disbarment. We believe such a result is outside the intent of Rule 22(a), [Ala. R. Disc. P.].
 "Tipler's acts did result in some delay in the case being submitted to the jury and imposed some additional work on the trial court in making an evidentiary review and ruling, as well as the subsequent contempt proceedings. We cannot conclude that this slight delay, or imposition on the trial court's resources, under these circumstances had any impact upon the trial itself or its outcome, and thus we find no interference with the administration of justice."
[4] Contempt can be either civil or criminal. State v.Thomas, 550 So.2d 1067, 1072 (Ala. 1989). The court seeks to coerce the contemner to comply with the court's order by imposing civil contempt. If the court's purpose is to punish the contemner for disobeying a court order, then the court may impose criminal contempt. Id.
[5] The Commentary to § 13A-10-130(a)(1), Ala. Code 1975, states that the purpose of the statute is "to provide an alternative method by which to punish contempt. . . . It . . . does not require its use."
[6] Tipler also states that "a 120-day suspension requires reinstatement, so that it amounts to even longer. Since Mr. Tipler has never received any Final Order of suspension for any period before this time, the punishment was clearly excessive." He does not cite any supporting authority for his argument. However, we note that upon remand the Board of Disciplinary Appeals must review whether the 120-day suspension "(1) bears no relation to the conduct, (2) is manifestly excessive . . ., or (3) is arbitrary and capricious." Rule 5.1(d), Ala. R. Disc. P. Thus, we need not decide at this time whether the 120-day sanction is excessive.