938 So.2d 942 (2006)
ALABAMA STATE BAR
v.
Sherryl Snodgrass CAFFEY
Sherryl Snodgrass Caffey
v.
Alabama State Bar.
1040527 and 1040637.
Supreme Court of Alabama.
March 10, 2006.
*943 J. Anthony McLain, gen. counsel, and Robert E. Lusk, Jr., asst. gen. counsel, Alabama State Bar, for appellant/cross-appellee Alabama State Bar.
Sherryl Snodgrass Caffey, pro se.
SEE, Justice.
The Alabama State Bar appeals from an order of the Board of Disciplinary Appeals of the Alabama State Bar ("the Board of Appeals") reversing a summary judgment entered by the Disciplinary Board of the Alabama State Bar against Sherryl Snodgrass Caffey, finding that she had violated the Alabama Rules of Professional Conduct and remanding the case for further proceedings before the Disciplinary Board; Caffey cross-appeals. We affirm.

Facts and Procedural History
Caffey was admitted to the Alabama State Bar ("State Bar") in September 1989. On March 24, 2000, the Limestone Circuit Court declared a mistrial in a criminal case in which Caffey represented the defendant. After the trial court declared a mistrial, the judge found Caffey to be in contempt of court. The contempt order reads, in part:
"It is the Order of this Court that the defense attorney in the above-styled matter, . . . Caffey, has continued to conduct herself in such a manner before this Court that her actions constitute a clear contempt of this Court. It is the findings of the undersigned that . . . Caffey has been disrespectful and contemptuous in her manner toward the Court and before a duly impaneled jury in such a way as to diminish and impair the respect due to judicial tribunals and further to interrupt the due course of this trial. The actions of . . . Caffey have been committed in open court, in the presence of the Judge, and were observed in the court setting and transcribed by the Official Court Reporter."
*944 The trial court sentenced Caffey to five days in the Limestone County jail and imposed a fine of $100. Caffey appealed the contempt order to the Court of Criminal Appeals; that court affirmed the trial court's order without an opinion. Caffey v. State (No. CR-99-1304), 814 So.2d 1017 (Ala.Crim.App.2000) (table). Caffey petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals. This Court denied her petition. Ex parte Caffey (No. 1990573), 787 So.2d 724 (Ala.2000) (table).
In April 2000, Brian Jones, the prosecuting attorney in the criminal case resulting in Caffey's contempt charge, filed a grievance with the State Bar, reporting Caffey's alleged professional misconduct during the trial. The State Bar assigned the grievance to the local grievance committee, the Huntsville-Madison County Bar Association grievance committee, for investigation pursuant to Rule 12(b), Ala. R. Disc. P. ("[a] local grievance committee . . . shall have the right to investigate an allegation or complaint of misconduct"). In June 2002, after more than two years had passed and the local grievance committee had not completed its investigation, the General Counsel for the State Bar asked the local grievance committee to return Caffey's file to the State Bar,[1] pursuant to Rule 7(b), Ala. R. Disc. P. ("A local grievance committee shall make available any file of a complaint or investigation to the General Counsel [of the State Bar] within fourteen (14) days of receipt of a written request for such information by the General Counsel."). On June 30, 2002, the local grievance committee returned Caffey's file to the State Bar.
On May 1, 2003, the State Bar filed formal charges against Caffey with the Disciplinary Board of the State Bar[2] alleging that Caffey had violated Rules 3.1(a), 3.2, 3.5(c), 8.4(a), 8.4(d), and 8.4(g) of the Alabama Rules of Professional Conduct.[3] Caffey answered the formal charges, and the Disciplinary Board set the matter for a hearing.
The State Bar moved the Disciplinary Board for a summary judgment, pursuant to Rule 56, Ala. R. Civ. P.[4] Caffey opposed the summary-judgment motion and, in support of her opposition, submitted affidavits[5] and the entire trial transcript from the criminal trial in which she had been found guilty of contempt. The disciplinary hearing officer ordered Caffey "to specifically address whether a finding of criminal *945 contempt affirmed by the Court of Criminal Appeals establishes a violation of the Rules of Professional Conduct alleged by the State Bar." Caffey responded to the hearing officer's order by filing a supplemental brief and a motion to dismiss the charges against her. Caffey argued in her supplemental brief that a finding of criminal contempt does not per se constitute a violation of the Alabama Rules of Professional Conduct.
On November 21, 2003, the parties orally argued their motions. On December 3, 2003, the hearing officer issued an order finding Caffey guilty of all charges and granting the State Bar's summary-judgment motion. The hearing officer concluded that "there is no dispute as to any material fact that Caffey's conduct violated the [R]ules of [P]rofessional [C]onduct relied upon by the State Bar and therefore the State Bar is entitled to a judgment as a matter of law."
The Disciplinary Board held a hearing for the sole purpose of determining Caffey's punishment. At that hearing, Caffey and the State Bar presented evidence of aggravating circumstances and mitigating circumstances. After the hearing, the Disciplinary Board entered a report and order suspending Caffey's Alabama license to practice law for 45 days; the 45-day suspension was to convert to a 2-year period of probation after Caffey had served a 7-day suspension. As a condition of her probation, Caffey was also required to furnish an unconditional written apology to the Limestone Circuit Court judge who had presided over the criminal trial and, within six months, to participate in a course on professionalism approved by the State Bar.
Caffey appealed the Disciplinary Board's decision to the Board of Appeals. The Board of Appeals reversed the Disciplinary Board's summary judgment in favor of the State Bar and remanded the case for the Disciplinary Board to conduct a hearing to adjudicate the formal charges against Caffey and, if necessary, to assess punishment. The Board of Appeals stated that "[t]he finality of the contempt order does not, however, per se equate to a violation of the Rules of Professional Responsibility made the basis of the formal charges." The Board of Appeals further stated that "while Caffey can offer a defense regarding the elements of the formal charges, she is bound by, and cannot challenge, the final order finding her in contempt." The State Bar appeals; Caffey cross-appeals.

Standard of Review
"[A]ll . . . legal conclusions in the final order of the Board of Appeals present questions of law to us. This Court reviews questions of law de novo." Tipler v. Alabama State Bar, 866 So.2d 1126, 1137 (Ala. 2003).

Analysis
The Board of Appeals remanded Caffey's case to the Disciplinary Board for a "full hearing." Because we affirm the Board of Appeals' decision, we pretermit discussion of Caffey's arguments that the Disciplinary Board violated her due-process rights in the first proceeding.[6] We address Caffey's arguments that the Board of Appeals acted improperly in remanding her case to the Disciplinary Board and that the charges against her should be dismissed because the formal charges against her were filed more than three *946 years after the initial grievance was filed.[7] We also address the State Bar's arguments (1) that in reversing the summary judgment that the Disciplinary Board had entered the Board of Appeals did not apply the correct standard of review and (2) that the Board of Appeals erred in holding that the judgment of contempt entered by the circuit courta final judgment that is not subject to challenge before the Disciplinary Boarddoes not establish a per se violation of the Disciplinary Rules.[8]

I.
The Board of Appeals remanded Caffey's case for a "full hearing" before the Disciplinary Board.[9] It ordered that, "at the full hearing of [Caffey's] formal charges before the [Disciplinary Board], Caffey will not be entitled to offer evidence, as the same would not be relevant to any issue, attempting to attack or challenge the contempt order." Caffey argues that precluding her from relitigating the *947 contempt finding on remand violates her due-process rights. We do not agree.
As noted earlier, Caffey appealed the contempt order issued against her by the Limestone Circuit Court, and the Court of Criminal Appeals affirmed that order. She received her due-process right to litigate the validity of the finding of contempt when she litigated that matter in court. The contempt order is binding, and Caffey is precluded from relitigating it. See Alabama State Bar v. Tipler, 904 So.2d 1237, 1241-42 (Ala.2004) (holding that when a lawyer was allowed to establish the circumstances under which his guilty plea was entered and the general nature of the events surrounding the charge against him, he was afforded a meaningful opportunity to be heard). The purpose of the "full hearing" before the Disciplinary Board on remand will not be to conduct a trial on the merits of the underlying contempt charge against Caffey; that has already occurred. Caffey will not be entitled to relitigate her contempt conviction.

II.
Caffey argues that the delay of the State Bar in formally charging her was excessive and without good cause and, therefore, that the charges against her should be dismissed. The pertinent facts indicate that Caffey was convicted of contempt in March 2000. In April 2000, Brian Jones, the prosecutor in the criminal case in which she was found in contempt, filed a grievance against Caffey with the State Bar. Pursuant to Rule 12(b), Ala. R. Disc. P., the State Bar assigned the grievance to the local grievance committee. When after two years the local grievance committee had not completed its investigation, the State Bar requested the return of Caffey's file pursuant to Rule 7(b), Ala. R. Disc. P.[10] Rule 7(b) provides:
"(b) Failure to Investigate. The failure of a local grievance committee to investigate a complaint or to recommend action against a lawyer shall in no event constitute a bar to the investigation of the complaint, to the recommendation of punishment, or to the prosecution of charges by the General Counsel of the Alabama State Bar against the lawyer for, or arising out of, the same facts. A local grievance committee shall make available any file of a complaint or investigation to the General Counsel within fourteen (14) days of receipt of a written request for such information by the General Counsel."
In June 2002, the State Bar received the investigative file in Caffey's case from the Huntsville-Madison County Bar Association grievance committee. In May 2003, the State Bar filed formal charges against Caffey. "Formal disciplinary proceedings before the Disciplinary Board must be instituted by the filing of formal charges within six (6) years from the accrual of the offense. . . ." Rule 31, Ala. R. Disc. P. See also Asam v. Alabama State Bar, 675 So.2d 866, 877 (Ala.1996) (quoting Rule 31, Ala. R. Disc. P., and holding without merit Asam's argument that the State Bar's prosecution of her case was untimely because it had formally filed the charge four years and three months after the lawsuit upon which the charge was based). Because the State Bar filed formal charges against Caffey within the six-year limitation *948 period specified in Rule 31, Ala. R. Disc. P., Caffey's argument is unpersuasive.[11]

III.
The State Bar argues that the Board of Appeals applied the wrong standard of review in reversing the Disciplinary Board's summary judgment. The Board of Appeals concluded:
"The review is de novo, and this Board will apply the same standard as the disciplinary hearing officer in determining whether the evidence submitted in support of and in opposition to the motion created a genuine issue of material fact and whether the Bar was entitled to a judgment as a matter of law. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the non-movant to present substantial evidence creating such an issue. Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' See Wright v. Wright, 654 So.2d 542 (Ala.1995)."
The State Bar argues that in reviewing the summary judgment entered by the Disciplinary Board the Board of Appeals should have applied the "clearly erroneous" standard provided in Rule 5.1(d), Ala. R. Disc. P. Rule 5.1(d) reads:
"(d) Scope and Standard of Review. All proceedings filed with the Board of Disciplinary Appeals shall be conducted as herein provided. When proceedings before the Board of Disciplinary Appeals are conducted, the Board of Disciplinary Appeals shall affirm the decision under review unless it determines that, based on the record as a whole, the findings of fact are clearly erroneous or that the form or extent of the discipline imposed, when considered under the Alabama Standards for Imposing Lawyer Discipline, (1) bears no relation to the conduct, (2) is manifestly excessive or insufficient in relation to the needs and protection of the public, the profession, or the administration of justice, or (3) is arbitrary and capricious. . . . "
The State Bar asserts that Rule 5.1 limits the power of the Board of Appeals and does not allow it to conduct a de novo review. This argument, however, is misplaced. "`"[T]he construction of rules of court are for the court which promulgated them." . . . "We start with the basic premise that words used in court rules must be given their plain meaning."'" Ex parte Haynes Downard Andra & Jones, LLP, 924 So.2d 687, 692 (Ala.2005) (quoting Southeastern Meats of Pelham, Inc. v. City of Birmingham, 895 So.2d 909, 913 (Ala.2004)). The plain language of Rule 5.1(d), Ala. R. Disc. P., provides that the "clearly erroneous" standard applies to findings of fact. Here, the Board of Appeals did not dispute the Disciplinary Board's findings of fact; it disputed the Disciplinary Board's conclusions of law. Therefore, the Board of Appeals did not err when it did not apply the "clearly erroneous" standard to a question of law.

IV.
The State Bar argues that "the trial court's judgment finding Caffey guilty of *949 direct contempt of court is conclusive evidence that establishes a per se violation of Rules 3.1(a), 3.2, 3.5(c), 4.4,[[12]] 8.4(a), 8.4(d), and 8.4(g), [Ala. R. Prof. Cond.]" State Bar's brief, p. 25.[13] The Limestone Circuit Court had found Caffey guilty of contempt of court for being "disrespectful and contemptuous . . . toward the Court . . . in such a way as to diminish and impair the respect due to judicial tribunals and further to interrupt the due course of this trial."
Pursuant to the Alabama Rules of Disciplinary Procedure, prior adjudications establish a lawyer's misconduct for purposes of a disciplinary proceeding when a lawyer commits a serious crime.[14] Caffey, however, was found guilty of contempt of court, which is not a crime. See Alabama State Bar v. Tipler, 904 So.2d at 1241 ("court's imposition of civil or criminal contempt is not the equivalent of a conviction for a crime under Alabama law"). Thus, we do not find support for the State Bar's argument that a trial court's judgment of criminal contempt is conclusive evidence that establishes a per se violation of the Alabama Rules of Professional Conduct.

Conclusion
We reject Caffey's argument that the charges against her should be dismissed because the State Bar did not formally charge her until more than three years after the initial grievance was filed against her. We hold that the Board of Appeals applied the correct standard of review and that the Board of Appeals correctly determined that a conviction for contempt does *950 not constitute a per se violation of the Alabama Rules of Professional Conduct. We affirm the decision of the Board of Appeals reversing the Disciplinary Board's summary judgment in favor of the State Bar and remanding of the case to the Disciplinary Board for a full hearing. We note that the Board of Appeals was correct in ordering that at the "full hearing" Caffey will not be entitled to relitigate the circuit court's finding of contempt.
1040527AFFIRMED.
1040637AFFIRMED.
NABERS, C.J., and LYONS, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
HARWOOD, J., concurs in part and concurs in the result.
WOODALL, J., concurs in the result.
HARWOOD, Justice (concurring in part and concurring in the result).
I concur in all portions of the opinion except Part IV under the heading "Analysis." As to it, I concur in the result.
NOTES
[1] In the same letter, the State Bar asked the local grievance committee to return files for complaints that had been filed against three other local attorneys and had also been assigned to the local grievance committee for investigation more than two years earlier.
[2] Rule 4(a)(1), Ala. R. Disc. P., provides:

"The Board of Commissioners of the Alabama State Bar shall appoint six panels of six members each, each panel to be known as `The Disciplinary Board of the Alabama State Bar.' . . . Each panel shall be composed of four persons who are Bar commissioners, one layperson, and the Disciplinary Hearing Officer appointed pursuant to Rule 4.2. . . . "
[3] The formal charges filed by the State Bar also asserted that Caffey had violated Rules 4.4 and 8.2. The State Bar later dismissed those charges.
[4] Rule 3(b), Ala. R. Disc. P., provides that "[e]xcept as otherwise provided in these Rules, the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure shall apply."
[5] Caffey submitted her own affidavit and affidavits from Barbara Miller and Zelletta Wright. Miller, a member of the Huntsville-Madison County Bar Association, was a member of the local grievance committee that investigated the grievance against Caffey. The record indicates that Wright assisted Caffey in some capacity during the trial.
[6] Caffey argues that the Disciplinary Board violated her due-process rights and the Alabama Rules of Disciplinary Procedure because it entered a summary judgment without holding a hearing.
[7] Caffey also asserts that the State Bar's prosecution violated her constitutional rights to equal protection of the law and freedom of speech. Rule 28(a)(10), Ala. R.App. P., requires that argument in an appellant's brief contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." The effect of a failure to comply with Rule 28(a)(10) is well established: "`"When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research. Rule 28(a)([10]); Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala. 1993)."'" FabArc Steel Supply, Inc. v. Composite Constr. Sys., Inc., 914 So.2d 344, 354 (Ala.2005) (quoting Ex parte Showers, 812 So.2d 277, 281 (Ala.2001) (quoting in turn City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala. 1998))). Caffey fails to present any argument or authority in support of her claim that the State Bar violated her right to freedom of speech. In her equal-protection argument, which appears in her brief to this Court in part under the heading "Caffey Was Denied Freedom of Speech," Caffey recites cases in which, she asserts, the attorneys were treated differently from the way she was treated in her contempt proceeding. However, Caffey fails to demonstrate how those cases are similar to hers; moreover, her contempt proceeding and its appeal, not her appeal from the Disciplinary Board's action, were the proper place for her to assert that claim. Accordingly, we decline to address Caffey's arguments that the State Bar violated her equal-protection and freedom-of-speech rights.
[8] In addition to the foregoing issues, Caffey argues on appeal that certain items critical to her defense to the State Bar's charges are not included in the record and that the absence of these items violates her right to due process. The items not in the record include page 417 from the transcript of the criminal trial (which is apparently missing), an audible copy of the recorded transcript, and a copy of an interview tape. She also challenges the Disciplinary Board's summary judgment in favor of the State Bar because, according to Caffey, the Disciplinary Board's decision was "arbitrary, capricious, clearly erroneous, contrary to State and Federal Law, contrary to [the State Bar's] rules and contrary to the weight of the evidence." Caffey's brief, p. 32. However, because she will have another hearing before the Disciplinary Board, we need not address these arguments. Because the State Bar will have another opportunity to argue for a more severe discipline, we likewise pretermit discussion of its assertion that this Court should increase Caffey's discipline.
[9] Caffey argues that by remanding the case the Board of Appeals exceeded its statutory authority. Specifically, Caffey argues that Rule 5.1(d), Ala. R. Disc. P., limits the Board of Appeals to affirming, reversing, or modifying rulings of the Disciplinary Board. Rule 5.1(d), however, does not limit the grant of plenary power to the Board of Appeals found in Rule 5.1(b). Rule 5.1(d) serves merely as instruction for the Board of Appeals to state specifically the reasons for its conclusions and the legal basis for affirming, reversing, or modifying an order of the Disciplinary Board. Accordingly, we cannot agree with Caffey that the Board of Appeals does not have the authority to remand a case to the Disciplinary Board for further proceedings.
[10] Caffey also argues that the State Bar's removal of her case from the local grievance committee was improper because, she says, the local grievance committee had not "failed to investigate" her case. However, Rule 7(b), Ala. R. Disc. P., does not limit the authority of the State Bar to request the return of a file of a lawyer referred to a local grievance committee for investigation only to those files the grievance committee has failed to investigate.
[11] There was no pending litigation in this case, and the State Bar never deferred or abated its action against Caffey. Therefore, Rule 14, Ala. R. Disc. P., does not apply. Rule 14, Ala. R. Disc. P., provides: "Disciplinary proceedings shall not be deferred or abated because of substantial similarity to the material allegations of pending criminal or civil litigation involving the respondent, unless authorized by the Disciplinary Board, in its discretion, for good cause shown."
[12] As we noted in footnote 3, the State Bar dismissed the charge relating to Rule 4.4. The reference to Rule 4.4 in its brief is apparently inadvertent.
[13] The State Bar also asserts that the summary judgment entered by the Disciplinary Board "was not clearly erroneous where there was no genuine dispute as to any material fact and the undisputed evidence established that Caffey [had violated the Alabama Rules of Professional Conduct]." State Bar's brief, p. 23. However, in its brief in support of this proposition, the State Bar argues that

"the conduct and state of mind elements necessary to prove the violations of the Alabama Rules of Professional Conduct as found by the Disciplinary Board are subsumed in the judgment of direct criminal contempt, because by its very definition, it requires proof of purposeful, deliberate, or intentional conduct. In other words, the mental state necessary to prove a violation of Rules 3.1(a), 3.2, 3.5(c), 4.4[sic], 8.4(a), 8.4(d), and 8.4(g), [Ala. R. Prof. Cond.], is no greater than that required to sustain a judgment of direct criminal contempt. Therefore, the judgment finding Caffey guilty of direct criminal contempt supplied both the conduct and mental state elements necessary to support the Disciplinary Board's summary judgment."
State Bar's brief, pp. 24-25. Thus, it appears that the State Bar is essentially relying on the judgment of contempt as sufficient to establish conclusively a violation of Rules 3.1(a), 3.2, 3.5(c), 8.4(a), 8.4(d), and 8.4(g).
Even if we were to assume that the State Bar is not essentially relying on the judgment finding Caffey guilty of contempt, it has not met its burden to demonstrate the absence of a genuine issue of material fact as to state of mind (Rules 3.1(a) and 3.5(c)) and justification (Rule 3.2), which in this case are relevant to determining prejudice to the administration of justice (Rule 8.4(d)) and fitness to practice law (Rule 8.4(g)). Dennis v. Northcutt, 923 So.2d 275, 279-80 (Ala.2005) ("`The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law.'" (quoting McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992))).
[14] Rule 22(a), Ala. R. Disc. P., provides, in relevant part:

"(a) The Disciplinary Commission shall disbar or suspend a lawyer:
". . . .
"(2) If the lawyer's conviction for a `serious crime,' as defined in Rule 8 of these Rules, has become final. . . . "